UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HERMAN LEE JAMES, JR.,**

    **Movant,**

**v.**                                            **Case No. 2:99-cr-00198-1**
                                                    **Case No. 2:10-cv-01378**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on December 14, 2010 (docket # 754).

Herman Lee James, Jr. (hereinafter "Defendant") is serving a 360 month sentence[1] upon his guilty plea to engaging in a conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. (Memorandum Opinion and Judgment Order, entered January 9, 2009, # 658.) Defendant's appeals were unsuccessful. United States v. James, No. 00-4881, 22 Fed. App'x 85, 2001 WL 1229504 (4th Cir. Oct. 15, 2001; No. 09-6142, 323 Fed. App'x 256, 2009 WL 1113547 (4th Cir. Apr. 27, 2009).

Defendant's grounds for relief are as follows:

---

[1] Defendant was originally sentenced to life imprisonment (Judgment in a Criminal Case, entered November 21, 2000, # 243). His sentence was reduced pursuant to the retroactive crack cocaine amendments to the Guidelines.

> Ground one: Breach of plea agreement by government violating Fifth Amendment right of the Constitution.
>
> Ground two: Ineffective assistance of counsel, violating Sixth Amendment right of the Constitution.
>
> Ground three: Ineffective assistance of counsel for suborned perjury violating Sixth Amendment right of the Constitution.

(# 754, at 4-7.)

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the 91st day after the affirmance of his Judgment in a Criminal Case, or January 15, 2002,

2

because he did not file a petition for a writ of certiorari.  Rule 13, Rules of the Supreme Court of the United States.  The one year period for filing a § 2255 motion expired on January 15, 2003.

Defendant is well aware that his § 2255 Motion is not timely filed.  His excuse is stated as follows:

> The petitioner now brings the facts supporting the claims presented in this motion to the court's attention within the 1 year limitation period of the date (Dec. 10, 2009) on which the facts supporting the claims were discovered through the exercise of due diligence and the miscarriage of justice gateway.
>
> The document (Memorandum of Sentencing Hearing and Report of Statement of Reasons [# 244]) that supports the claim of breach of plea agreement by government and ineffective assistance of counsel was discovered on Dec. 10th 2009 after years of inquiring about the document. Upon appealing the sentence received after the 2 pt. reduction of the guidelines in January 2009, the petitioner made another inquiry about the written order of the court.  The clerk of the court then informed the petitioner's motion that she can obtain the document by paying for it and that the seal that it was under no longer existed.
>
> The Memorandum of Sentencing Hearing itself states on p. 6 that the court ordered it to be attached to and be a part of the Presentence Report, the P.S.R. is the document that was under seal therefore sealing the Memorandum document, too.  The Memorandum of Sentencing Hearing is the one sole fact of the record that clearly establishes without a shadow of a doubt, combined with the transcripts that the petitioner's debriefing statement or own admissions were indirectly and directly used against him in direct violation of the agreement.
>
> The document is newly discovered evidence that if viewed in the light of evidence as a whole would be sufficient to establish by clear and convincing evidence that the plea agreement was breached by the government, violating petitioner's Fifth Amendment right of the Constitution.

3

> Under the miscarriage of justice gateway, a court may review the otherwise-barred constitutional claims on motion to vacate. It is a means of considering evidence and constitutional claims that are or may be procedurally barred by limitations period. In this case, the petitioner's "miscarriage of justice" argument is founded upon a claim of actual innocence of the sentence and violation of a constitutional right. The petitioner asks the court to address grounds for cause to excuse the procedural default, if any. The petitioner contends that he has shown that a serious and consequential constitutional error occurred at sentencing on behalf of the government and that petitioner is innocent of the sentence that was handed down. * * *

Id. at 14-15.

First, it must be noted that the Memorandum of Sentencing Hearing and Report of Statement of Reasons (# 244) has never been under seal. It was entered on the public record of Defendant's case on November 21, 2000, and remains there. The Memorandum states, in pertinent part, as follows:

> Many of the Defendant's objections to the PSR relate to the amount of relevant conduct or weight of drugs to be placed on the Defendant for his illegal activities. The Court heard much testimony concerning Defendant's distribution of controlled substances. Ironically, however, it is the words of the Defendant himself that cause him to be placed at a base offense level of 38, pursuant to U.S.S.G. § 2D1.1. According to an interview memorandum prepared by Detective Chad Napper of the Charleston Police Department, the Defendant admitted, in the presence of his counsel, to law enforcement officers that he was involved with over two kilograms of cocaine base. By any conservative estimate or reading of that memorandum of interview, that amount of relevant conduct is clearly correct. Accordingly, the Court **OVERRULES** Defendant's objections as they relate to relevant conduct and finds that he is properly placed at a base offense level of 38.
>
> The Defendant next objected that he was entitled to an adjustment for acceptance of responsibility. The

> Court **OVERRULES** this objection as well. Defendant testified in direct contradiction to the previous statement he had made to law enforcement personnel. In doing so, he attempted to substantially minimize his illegal activities. Defendant's actions are wholly inconsistent with an acceptance of responsibility.

(# 244, at 1-2.)

Second, Defendant did not recently learn that the United States allegedly breached the plea agreement by using his immunized statements against him. The issue was raised by Defendant in his first direct appeal. The Fourth Circuit wrote the following:

> *No. 00-4881:* James first contends that the district court erred in using the self-incriminating statements he gave pursuant to his plea agreement to determine the drug quantity for which he was responsible and to deny him a reduction for acceptance of responsibility. Under USSG § 1B1.8, self-incriminating statements made by a defendant pursuant to a cooperation agreement may not be used to determine the applicable guideline range, although the government is free to use information that was known to the government before it entered into the cooperation agreement. Because James did not object at trial [sic; sentencing] to the government's use of his statements, we review the issue for plain error. *See, e.g., United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000). The district court's written order suggests that the drug quantity was determined solely by reference to James's debriefing statements. The transcript of the sentencing hearing, however, indicates that the quantity determination was an estimate derived from the testimony of three witnesses who testified at the sentencing hearing and were specifically found credible by the district court. *See* J.A. 304-05. The transcript establishes that the district court relied on the debriefing statements, if at all, merely to show that the quantity it attributed to James was a conservative estimate of the amount established at the hearing. Under these circumstances, it is difficult to conclude that the district court erred at all, much less that the error was plain. * * *

James, 22 Fed. App'x at 88-89.

5

Although it is unnecessary to address Defendant's third ground for relief relating to allegedly suborned perjury, the undersigned will clear this matter up.  After imposing a life imprisonment sentence on Defendant, the late Hon. Charles H. Haden II addressed Defendant's lawyer, Gregory Courtright, as follows:

> Mr. Courtright, I have to say, too, I may have to follow up on this matter insofar as you are concerned. You may very well have suborned perjury in this courtroom today.  You were present for your client's debriefing and his admissions made on May 24th and you came in here and contested matters that he admitted to at the time and – and you allowed your client – you allowed your client to take the witness stand and to give testimony and –
>
> MR. COURTRIGHT: Your Honor, I –
>
> THE COURT: And that may be something you will have to answer for.
>
> MR. COURTRIGHT: Very well, Your Honor.  It wasn't my intention to allow any type of perjury, though, I will assure the Court of that.
>
> THE COURT: When you think of that, you analyze the statement that was taken on May 24th and you are present and you consider the fact that you put your client on the stand here today or he chose to take the stand and you allowed him to testify to things that were not true.

(Tr. Sent. Hrng, # 286, at 137-38.)  In other words, Judge Haden believed that Defendant, not another witness, committed perjury at the sentencing hearing.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about January 15, 2002, when the time for filing a petition for a writ of certiorari expired, and none of the other events specified in

section 2255 apply in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about January 15, 2003, and his petition is untimely. The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (# 754) be dismissed with prejudice as untimely.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

January 7, 2011
Date

Mary E. Stanley
United States Magistrate Judge