**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HERMAN LEE JAMES, JR,

                Petitioner,

v.                                 CIVIL ACTION NO.  2:10-cv-01378
                                 (Criminal No. 2:99-cr-00198-01)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Herman Lee James, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B).  On January 7, 2011, Magistrate Judge Stanley submitted findings of fact and recommended that the Court dismiss Petitioner's motion as untimely.  Petitioner filed objections to the PF&R on January 21, 2011.  For the reasons below, the Court **ADOPTS** and incorporates herein the proposed findings and recommendation, **OVERRULES** Petitioners objections to the PF&R, and **DISMISSES** Petitioner's § 2255 motion as untimely filed.

*I.  BACKGROUND*

On November 16, 2000, Judge Charles Haden II sentenced Petitioner to life imprisonment for his conviction of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846.  Petitioner

appealed the sentence, arguing that Judge Haden impermissibly relied on Petitioner's self-incriminating statements given pursuant to his plea agreement in determining his relevant conduct.[1] The Fourth Circuit found no error below, stating that although Judge Haden's memorandum of sentencing hearing suggests otherwise, the sentencing transcript clearly indicates that Judge Haden relied on the testimony of three witnesses to establish the drug quantity used by the Court. *United States v. Bennett*, 22 F. App'x 85, 88 (4th Cir. 2001) (unpublished).  In the opinion of the Fourth Circuit, Petitioner's debriefing statements were used, "if at all, merely to show that the quantity . . . attributed to James was a conservative estimate of the amount established at the hearing." *Id.* Years later, on January 9, 2009, Chief Judge Goodwin reduced Petitioner's sentence to a term of 360 months pursuant to Petitioner's motion under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines.

On December 14, 2010, Petitioner filed the instant § 2255 motion.  In his motion, Petitioner sets forth three grounds for relief: (1) the United States breached the terms of the plea agreement by using his debriefing statements, in violation of the Fifth Amendment; (2) he received ineffective assistance of counsel because his trial counsel may have suborned perjury; and (3) he received ineffective assistance of counsel in other matters.  Magistrate Judge Stanley recommended dismissing Petitioner's § 2255 motion as untimely, based on her judgment that James's conviction became final on January 15, 2002, and the statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") expired on January 15, 2003.  In reaching this conclusion, Magistrate Judge Stanley notes that, despite his arguments to the contrary, Petitioner

---

[1]  Petitioner also challenged (1) the sentencing Court's refusal to reduce his sentence for acceptance of responsibility and (2) his enhancements for possession of a firearm and his leadership role in the offense.  The Fourth Circuit affirmed the sentencing Court on all issues.  *See* 22 F. App'x at 88.

was aware of all the facts supporting his current claims at the time his direct appeal became final. Magistrate Judge Stanley also concludes that the memorandum of sentencing hearing, which sets forth the bases for Judge Haden's sentencing decisions and on which Petitioner relies to establish his Fifth Amendment claim, was filed as a separate docket entry, was never under seal, and was immediately available on the public record. Magistrate Judge Stanley additionally recommended that Petitioner's ineffective assistance claims be dismissed because they misperceive Judge Haden's statements regarding perjured testimony at Petitioner's sentencing hearing.

On January 21, 2011, Petitioner objected to the PF&R on several grounds. First, Petitioner objects to Magistrate Judge Stanley's recommendation that his § 2255 motion be dismissed as untimely. Petitioner argues that "[t]he Magistrate Judge failed to address the argument that petitioner is entitled to have his motion reviewed under the miscarriage of justice gateway." Second, Petitioner objects to Magistrate Judge Stanley's conclusion that the memorandum of sentencing hearing was filed apart from the presentence investigation report and was never under seal. He also states that even if the memorandum was available on the public docket, he was unsuccessful in obtaining it until recently, and it is therefore newly discovered evidence that tolls the statute of limitations in AEDPA. Third, Petitioner states that the issues raised in his direct appeal are distinct from the issues raised in his current § 2255 motion, and Magistrate Judge Stanley's discussion of his direct appeal is therefore in error. Fourth and finally, Petitioner objects generally to the PF&R's failure to reach the merits of his claims.

## II.  DISCUSSION

28 U.S.C. § 2255(f) contains a one-year statute of limitations for prisoners serving federal sentences to collaterally attack their sentences. It provides:

>A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>>(1)    the date on which the judgment of conviction becomes final;
>
>>(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>>(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The record does not reveal and Petitioner does not assert that his case falls within the scope of subsections (f)(2) or (f)(3).  Therefore, the limitation period in this case expired one year after Petitioner's judgment of conviction became final—on January 15, 2003—unless facts supporting his current claims could not have been discovered through the exercise of due diligence prior to December 14, 2009—one year before he filed this § 2255 motion.  *See Clay v. United States*, 537 U.S. 522, 532-32 (2003).  Petitioner apparently contends that his relatively recent discovery of Judge Haden's memorandum of sentencing hearing qualifies as new facts supporting his claims, sufficient to meet the requirements of subsection (f)(4).  He also appears to assert that his ineffective assistance of counsel claims are not untimely or procedurally barred, citing the "miscarriage of justice gateway."

Petitioner's arguments fail for several reasons, which Magistrate Judge Stanley addressed in the PF&R.  First, there is no indication that Judge Haden's memorandum of sentencing hearing was unavailable to the public since its filing on November 21, 2000.  Regardless of Petitioner's

actual efforts to retrieve this document,[2] it was available for discovery through the exercise of due diligence since that time.  Even if this was not the case, however, Petitioner was aware of the *facts* underlying each of his claims since at least the time of his direct appeal.

In support of his first claim—that the government breached the plea agreement—Petitioner states that Judge Haden impermissibly relied on debriefing statements offered by the government, a fact Petitioner claims he became privy to only once he obtained the memorandum of sentencing hearing.  However, as is clear from the Fourth Circuit's opinion in Petitioner's direct appeal, the government openly made use of his debriefing statements in the sentencing hearing, and that fact would have been plain to Petitioner.  Indeed, Judge Haden's consideration of the debriefing statements was the very basis for Petitioner's direct appeal, which demonstrates Petitioner's knowledge that his debriefing statements were used against him by the government.  Additionally, in his objections to the PF&R, Petitioner recites from the sentencing transcript (docketed in early 2001) several instances in which Judge Haden expressly mentioned the debriefing statements to corroborate or establish drug quantities attributable to Petitioner.  The government's use of Petitioner's debriefing statements was thus open and obvious from the outset, and Petitioner had (or should have had through the exercise of due diligence) knowledge of the alleged breach of the plea agreement.  Petitioner was in the courtroom when the Assistant United States Attorney made use of his debriefing statements on cross-examination.  As the Ninth Circuit put it, "surely due diligence requires that [the defendant] at least consult his own memory of the trial proceedings.  His decision not to do so does not bespeak due diligence."  *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir.

---

[2] Petitioner states that he attempted to contact the Clerk of Court on many occasions throughout his period of incarceration.  However, there are no letters on the docket to suggest he inquired on this matter.

2004). For clarity's sake, the Court notes that Magistrate Judge Stanley discussed Petitioner's direct appeal not to suggest that his current claims were already resolved on direct appeal; instead, the direct appeal was discussed to establish that Petitioner had knowledge of the facts underlying his current claims at that time.

Petitioner's ineffective assistance claims fare no better. Judge Haden addressed Petitioner's attorney in open court at the conclusion of his sentencing hearing, admonishing him for what appeared to be suborning perjury. The exchange reveals, in clear terms, that Judge Haden believed Petitioner to have perjured himself in the sentencing hearing, with the knowledge of his attorney. Any facts underlying the ineffective assistance claim based on suborned perjury were therefore known to Petitioner at the time of his sentencing. Petitioner's other ineffective assistance claims concern enhancements he received at sentencing. He makes no attempt to explain why these issues were not raised on direct appeal, and the facts underlying each of those claims were immediately apparent to Petitioner. The only intervening occurrence is the vacatur and remand of the leadership enhancement for two of Petitioner's co-defendants in 2002. The facts underlying all three of Petitioner's claims were available to him at least as early as the time of his direct appeal. Accordingly, the one-year statute of limitations contained in AEDPA began to run when Petitioner's judgment of conviction became final, on January 15, 2002.[3] The last day for Petitioner to file his § 2255 motion was January 15, 2003.

---

[3] As Magistrate Judge Stanley explained, the district court's judgment was affirmed by the Fourth Circuit on October 15, 2001. Petitioner did not file a writ of certiorari to the Supreme Court, and his conviction therefore became final on January 15, 2002. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003).

6

The final point to address is Petitioner's assertion that the "miscarriage of justice gateway" somehow makes his § 2255 motion timely despite the myriad deficiencies set forth above.  Issues that could have been raised on direct appeal but were not may not be raised in a collateral proceeding like this one unless the movant can show "cause and prejudice" or a "miscarriage of justice."  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982) (explaining cause and prejudice); *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (explaining miscarriage of justice); *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).  In order "[f]or a miscarriage of justice to exist, a defendant must show actual innocence by clear and convincing evidence."  *United States v. Williams*, 396 F. App'x 951, 953 (4th Cir. 2010) (unpublished) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  The miscarriage of justice gateway is a mechanism by which *procedural default* may be excused in extraordinary cases; it is not an end-run around the statute of limitations contained in AEDPA.[4]  Mr. James does not claim actual innocence in his motion, and he therefore cannot avail himself of the "miscarriage of justice" gateway.  Nor does equitable tolling, which offers relief from the *statute of limitations* in limited circumstances, provide any relief to Petitioner:

> "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  For this reason, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* It is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Id.*

---

[4]  Thus, even assuming Petitioner can show "cause and prejudice" or a "miscarriage of justice," the effect is to excuse his failure to pursue the current challenges on direct appeal, rather than collateral attack.  Such a showing would not excuse the nearly 8-year delay in pursuing post-conviction relief.

*Spencer v. Sutton*, 239 F.3d 626, 629-30 (4th Cir. 2001); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect.").  The delay in pursuing post-conviction relief is due to Mr. James's failure to timely pursue his claims, all of which were known at the time of his sentencing hearing.  The Court agrees with Magistrate Judge Stanley's assessment that no extraordinary circumstances exist in this case to toll strict application of the statute of limitations.

## *III.  CONCLUSION*

For the reasons set forth more fully above, the Court **ADOPTS** and incorporates herein the proposed findings and recommendation, **OVERRULES** Petitioners objections to the PF&R, and **DISMISSES** Petitioner's § 2255 motion as untimely filed.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 19, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

8